IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID HINKLE, § | |
| (SPN #01696455) § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-14-1736 |
| § | |
| ALVIN HUBBARD, *et al.*, § | |
| § | |
|     Defendants. § | |

**MEMORANDUM AND OPINION**

David Hinkle is an inmate of the Harris County Jail. He sued in June 2014, alleging civil rights violations resulting from the use of excessive force while he was an inmate at the Pam Lychner State Jail (PLSJ). Hinkle, proceeding *pro se*, sues Alvin Hubbard, a correctional officer at the PLSJ; and Officer Lieutenant Brass of the PLSJ.

The threshold issue is whether Hinkle's claims should be dismissed as frivolous. The court concludes that Hinkle's claims lack merit and should be dismissed for the reasons stated below.

**I.     Plaintiff's Allegations**

Hinkle alleges that he was subjected to an excessive use of force while confined at the PLSJ on November 3, 2013. Hinkle alleges that Officer Hubbard started verbally harassing him, and Hinkle responded. Officer Hubbard then grabbed Hinkle by the jacket and put him into a headlock. Officer Hubbard and Hinkle struggled, and at one point, Hinkle was on top of Officer Hubbard. During the struggle, Officer Hubbard allegedly punched Hinkle in the face. Hinkle claims that Lieutenant Brass started punching Hinkle in the ribs.

Online research reveals that Hinkle was charged with aggravated assault against a pubic servant in Cause #1422496 in the 338th Judicial District Court of Harris County, Texas. A review of the criminal complaint reveals that Officer Hubbard sustained a broken leg as a result of the assault and required surgery. Hinkle asks that all criminal charged be dismissed.

## II.     Standard of Review

28 U.S.C. § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.
> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. Analysis

Hinkle seeks the dismissal of all criminal charges. As noted above, Hinkle was charged with aggravated assault against a pubic servant in Cause #1422496 in the 338th District Court of Harris County, Texas.

To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff seeks injunctive relief. *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing *Edwards v. Balisok,* 520 U.S. 641 (1997)).

In *Jackson v. Vannoy*, 49 F.3d 175 (5th Cir. 1995), a state prisoner filed a *pro se* § 1983 civil rights suit against police alleging that his illegal arrest resulted in the revocation of probation and parole on other charges. The Fifth Circuit applied *Heck* to bar the illegal seizure claim, reasoning that:

> A judgment in favor of Jackson on his illegal seizure claim would necessarily imply the invalidity of the revocation of his probation and parole. It logically follows that *Heck* applies to Jackson's probation and parole revocation proceedings. Jackson has not demonstrated that his current sentence has already been invalidated. He does not allege that any revocation proceeding has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, Jackson's action is not cognizable under § 1983 at this time, and we need not address the arguments Jackson has raised on appeal. The appeal is DISMISSED WITHOUT PREJUDICE.

*Id.* at 177.

Hinkle has been charged in state court with aggravated assault against a pubic servant. Hinkle's allegations would, if true, necessarily implicate the validity of these charges and any potential conviction. *See Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer).

Several circuits have held that *Heck* bars "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001); *Smith v. Holtz*, 87 F.3d 108, 110 (3rd Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to

exist.").[1] In considering this issue, the Fifth Circuit reasoned:

> The record does not clearly reflect that a successful attack on Mackey's arrests will implicate the validity of his confinement. It is not clear whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests. If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*. Of course, in any event any equitable relief in the nature of release from confinement would be barred by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).
>
> At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may--indeed should--stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

*Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In *Brown v. Taylor*, 139 F. App'x 613, 2005 WL 1691376 (5th Cir. 2005), the Fifth Circuit stated, in an unpublished opinion, that to the extent that Brown's allegations concerned pending criminal charges, the district court's dismissal of his civil-rights complaint under *Heck* was erroneous. Where it remained unclear whether Brown had been tried or convicted on those charges, the Fifth Circuit stated that the district court should have stayed the instant action until the pending

---

[1] Other circuit courts have relied on *Smith* in extending *Heck* to pre-conviction criminal charges. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. City of New York*, 171 F.3d 117, 124 (2nd Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997).

criminal case against Brown had run its course. *Id.* (citing *Mackey v. Dickson,* 47 F.3d 744, 746 (5th Cir. 1995)).[2]

The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Wallace,* 549 U.S. at 394 (citing *Edwards v. Balisok,* 520 U.S. 641, 649 (1997)); *Heck,* 512 U.S. at 487.

Because Hinkle's pleadings reflect that his criminal case remains pending, the court must stay and close this civil case until his state court proceedings are completed.

## IV.    Conclusion

The action filed by David Hinkle, (SPN #01696455), is premature. The Clerk must STAY and CLOSE this case for administrative purposes until further notice. The plaintiff must file a "Motion to Reinstate" this case, if appropriate, within thirty days from the date that the state court

---

[2]

*See also Busick v. City of Madison, Miss.,* 90 F. App'x 713, 713-714 (5th Cir. 2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff).

criminal case for aggravated assault against a pubic servant is completed. Hinkle's motion to proceed *in forma pauperis*, (Docket Entry No. 4), is DENIED without prejudice to reconsideration upon reinstatement. Any remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on July 25, 2014.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE